ERÉNDIRA CASTILLO, ESQ.
COUNSEL FOR DEFENDANT
AZ BAR NUMBER: 017963

LAW PRACTICE OF ERÉNDIRA CASTILLO
1147 N. HOWARD BOULEVARD
TUCSON, ARIZONA 85716
e.castillo.law@icloud.com
Voice: 520.477.1925  Cell: 520.405.3085

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| ) | NO. CR4:17-862-RCC (BGM) |
| Plaintiff, ) | |
| ) | |
| v. ) | Motion to Dismiss Indictment |
| ) | (Violation of Due Process-Cultural |
| Pedro Gomez-Diaz, ) | Barrier and Language, Amend. 5) |
| ) | |
| Defendant. ) | |
| ) | (1st Motion to Dismiss) |

Pedro Gomez-Diaz, by and through counsel undersigned, moves to dismiss the indictment. Mr. Gomez-Diaz speaks Tzotzil and lives in Chiapas, Mexico in an indigenous community. Counsel has attempted to educate the defendant about the legal concepts and procedures with the assistance of John Haviland, a professor of linguistic anthropology at the University of California, San Diego. Due to the alien conceptual and complex cultural distinctions involved in a felony prosecution, Counsel for Mr. Pedro Gomez Diaz cannot tender a plea or avow that Mr. Gomez-Diaz comprehends sufficiently to proceed. Therefore, based on the Rules of Ethics, 5th Amendment of the U.S. Constitution, and the supervisory power of the court, counsel moves to dismiss the indictment in this case.

. . .

I. **Procedural History**:

Mr. Gomez Diaz appeared on March 22, 2017 as part of Operation Streamline (OSL). At that time, Mr. Gomez Diaz clearly informed counsel undersigned that he did not understand. The documents received for OSL indicated that Mr. Gomez Diaz had a prior conviction for aiding and abetting (18 U.S.C. §2) a violation of 8 U.S.C. §1324. As a result, he was offered a plea which would require a sentence of six months in exchange for a conviction of 8 U.S.C. 1325. Mr. Gomez Diaz did not understand the distinction between the felony 8 U.S.C. 1326(a) count and the misdemeanor count, however he indicated that he was never coming back and needed to go home as soon as possible due to his family situation. His wife is pregnant, she has two children under 3 and is having medical complications with her pregnancy which was his motive for coming to work in the U.S. and he asked counsel to "please help him" get back home as soon as possible. At that time, counsel noted that his use of Spanish was broken and that he spoke Spanish with an accent. Counsel also noted that he used the word "reportado" instead of "deportado." At that time, counsel requested a continuance to discuss his case with him with the assistance of an interpreter.

On March 22, 2017, during the time undersigned counsel consulted with Mr. Gomez Diaz, she obtained the plea agreement for the prior conviction and docket. Mr. Gomez Diaz was previously represented by Mr. Jay Sagar with the help of Dr. Haviland. The case was charged on the 9:30 Magistrate Judge Duty calendar and had to be continued to allow Mr. Sagar to obtain the services of Dr. Haviland. The factual basis of the plea agreement indicated that Mr. Gomez Diaz had assisted aliens from eluding inspection by concealing them from border patrol.

On March 22, 2017 there was no initial appearance conducted. The case was continued to April 25, 2017. Mr. Gomez Diaz was never advised by the court of his charges and rights. Counsel did not object.

On April 20, 2017 counsel traveled to CoreCivic-FCC West (formerly Central

Arizona Detention Center). It appeared to counsel, that it would be possible for Mr. Gomez Diaz, due to his prior experience with the court system and non-aggravating criminal history that a felony conviction may result in a lesser sentence although more aggravating charge. Counsel explained this to Mr. Gomez Diaz and he appeared to understand. In retrospect, it appears that he only understood that it would be a chance to maybe get a lesser sentence. Dr. Haviland assisted and together worked with Mr. Gomez to go through trial rights, including Grand Jury Indictment, District Court, Magistrate Judge with Mr. Gomez. At that time, it still appeared that Mr. Gomez Diaz did not fully grasp the concepts. Dr. Haviland suggested that an in-person assistance would be better however he did not have time due to prior commitment out of the United States.

On April 25, 2017 Counsel again reviewed the trial rights and indictment rights, magistrate judge with Mr. Gomez Diaz with the assistance of Dr. Haviland. We prepared to waive indictment and enter a plea of guilty to an Information charging 8 U.S.C. §1326(a) and signed a waiver of indictment and consent to proceed before the Magistrate with the assistance of Dr. Haviland. However, Mr. Gomez-Diaz did not understand the allocution and did not consent to the jurisdiction of the Magistrate Judge. Counsel and Dr. Haviland again explained and again Mr. Gomez Diaz did not consent to the Magistrate's jurisdiction. At that point, the court recessed. Dr. Haviland then explained to the court, that there is no concept of "Magistrate Judge" in Tzotzil and that he explained to Mr. Gomez Diaz that it was the "big brother judge" and the "little brother judge." The waiver of indictment was retained by the clerk as was the information. The parties believed it had been filed with the court.

Undersigned counsel then, attempted to set a hearing before the District Court paired with the "w/i" number and conferred with probation about having a "pre-plea presentence report" to allow Mr. Gomez-Diaz to be prosecuted in an expedited manner. Then, it became evident that there were problems because there were no ECFs and relevant communications to the District Court were not properly before the court. On

May 25, 2017, the court ordered a status conference for June 2, 2017. Dr. Haviland appeared via telephone. The court informed the parties that the waiver of indictment was not filed. Defense counsel moved informed the court that counsel intended to file a motion to dismiss based on Mr. Gomez Diaz lack of cultural and language competency. The government moved to have Mr. Gomez Diaz assessed under 18 U.S.C. §4241. Counsel undersigned argued against the applicability of 18 U.S.C. §4241 as Mr. Gomez Diaz is not suffering from a mental disease or defect. After the court advised that the waiver of indictment and the Information were not filed, counsel undersigned moved orally to dismiss the case orally as we were outside the 30 days. The court denied all motions. The government indicted Mr. Gomez-Diaz on June 9, 2017. June 23, 2017 and August 1, 2017 were the dates set for the arraignment and trial. Counsel moved to continue the arraignment. The arraignment was re-set for June 30, 2017. Dr. Haviland and counsel undersigned reviewed the indictment in the simplest terms possible and explained the concepts to Mr. Gomez Diaz the charging document, the elements of the offense and the offense itself. The court read the indictment to Mr. Gomez Diaz with the assistance of Dr. Haviland. Counsel entered a not guilty plea on his behalf. Upon conclusion of the reading of the charges, counsel asked Mr. Gomez Diaz what he understood and he indicated that he "had come back again." He does not understand the elements of the offense: that he has been deported; that he did not obtain consent from the Attorney General or Department of Homeland Security.

1. March 22, 2017:     First Court Appearance in OSL
2. April 25, 2017:     Second Court Appearance/First with Dr. Haviland
3. June 2, 2017:       Third Court Appearance/Oral Motions to Dismiss
4. June 30, 2017:      Fourth Court Appearance/Arraignment

During this time, counsel has maintained contact with Mr. Gomez Diaz. Counsel has conferred with Mr. Sagar about the prior conviction and he indicated he recalled the case and defendant. His recollection was that it was very difficult for Mr. Gomez Diaz to

4

grasp the concepts for the misdemeanor prosecution. He indicated that it took much longer and it required Dr. Haviland and he to speak to him as if "he were a child." Counsel does not believe Mr. Gomez Diaz suffers from a mental disease or defect, rather counsel believes that Mr. Gomez Diaz is more forthright and readily admits he doesn't understand rather than say he does when he does not fully grasp what is being explained.

II.     Tzotzil Language and Culture

Mr. Gomez Diaz continues to live in traditional Tzotzil community and culture. He does not have formal schooling. He works as a carpenter's assistant. He has married only in the recent past. His wife calls counsel frequently and she does not speak Spanish. She speaks to counsel in broken Spanish mostly telling counsel she is poor and her husband is poor and asks counsel to please let her husband to come home.

Counsel attaches documents indicating that the Tzotzil people in Chiapas, Mexico having had a long history of conquest, keep to themselves and their communities. Like Mr. Gomez Diaz, the Tzotzil have maintained their culture and language by not conforming or incorporating into the dominant Mexican culture. They remain within their communities with their ancient concepts of justice and community. In Mexico, counsel has witnessed how indigenous Mexicans suffer much class and race prejudice. They are the poorest among Mexicans and often those with the least education. The principal form of work remains growing corn and other vegetables and selling their harvest or handicrafts. Infrequently, do these indigenous peoples conform or involve themselves in Mexican government and other forms of civic involvement in the judicial system of Mexico which remains a civil code system.

Dr. Haviland has explained that he cannot translate or interpret for Tzotzil speakers as do Spanish-language interpreters. Rather, he (and other interpreters of indigenous languages) explain the concepts using words in the indigenous language and sometimes Spanish to convey the general meaning. The example in the record, is the District Court was explained as "big brother judge" and Magistrate Judge as "little brother judge." Yet,

this explanation does not communicate the adversarial nature of common law, or the jurisdictional implications of the court as it does in English for those familiar with the legal concepts who can be taught because of their exposure through their daily life and participation in civil society. Dr. Haviland is competent in the Tzotzil language, the issue is that Mr. Gomez Dias lacks the cultural knowledge of civil society to adequately comprehend the legal concepts in this case.

### III. Law and Argument

Counsel contends that the prosecution of and indigenous language interpretation for illegal entrants and removed aliens who are culturally indigenous violates due process and is outside the prosecution parameters of the District Court for Operation Streamline. It violates due process because it is outside the fundamental fairness guaranteed by the Fifth Amendment, U.S. Const., to prosecute individuals who are not familiar with and do not understand the legal concepts and then required to waive these legal concepts to be expeditiously processed. The Sixth Amendment guarantees each defendant have a right to fair trial, including all aspects of the critical phase a criminal prosecution. See *U.S. v. Si*, 333 F. 3d 1041 (9th Cir. 2003) However, if these legal concepts do not translate the right to interpretation as recognized in *Si* is illusory.

The determination as to whether an individual understands the language and the concepts must be made on an individual basis depending on that person's history and experience. Here, it is clear to counsel that she cannot avow to the defendant's understanding of these proceedings despite significant and multiple efforts to teach Mr. Gomez Dias these concepts. At a minimum, a defendant should understand the elements of the offense and basic legal concepts. Mr. Gomez Diaz does not.

. . .

. . .

. . .

For the foregoing reasons, counsel moves to dismiss the Indictment against Mr. Gomez-Diaz.

RESPECTFULLY SUBMITTED: July 10, 2017.

Counsel for Defendant,

s/ *Eréndira Castillo*
Law Practice of Eréndira Castillo

### CERTIFICATE OF SERVICE

*I hereby certify that I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to* Christopher Lewis, S.A.U.S.A. *on the above date.*